IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

ERLAN RAFAEL ARIAS ABREU,

     Petitioner,

v.                                            No. 1:26-cv-00487-KG-GBW

BONDI, et al.,

     Respondents.

**MEMORANDUM OPINION AND ORDER**

This matter comes before the Court on Petitioner Erlan Rafael Arias Abreu's Petition for Writ of Habeas Corpus. Doc. 1, and the Government's Motion to Dismiss, Doc. 5.  Petitioner challenges his continued detainment pending removal proceedings pursuant to 8 U.S.C. § 1225(b).  Doc. 1.  For the reasons below, the Court dismisses the petition without prejudice.

## I.  *Background*

Petitioner, a Cuban national, has been a lawful permanent resident since December 10, 2010, when he entered the United States on a family reunification visa.  Docs. 1 at 5; 5 at 2.  He is married to a United States citizen and has one U.S. citizen child.  Doc. 1 at 30–32, 34.

On October 23, 2025, Petitioner arrived at Miami International Airport from Havana, Cuba.  Doc. 5-1 at 2.  CBP agents conducted a system check and discovered that Petitioner had been convicted of mail theft in 2017.  Docs. 5-1 at 2; 5 at 2; 1 at 5 n.1.  Petitioner had received a sentence of 60 days imprisonment and a three-year term of supervised release.  Docs. 5 at 2; 5-1 at 2.  Petitioner's status as a lawful permanent resident did not change because of the conviction.  Doc. 5 at 2.  The following day, Petitioner gave a sworn statement to a CBP agent confirming his mail theft conviction.  Doc. 5-1 at 2.

1

Because of the conviction, CBP detained Petitioner and placed him in removal proceedings. *Id*. The Department of Homeland Security ("DHS") served Petitioner with a Notice to Appear before an Immigration Judge ("IJ") on January 20, 2026, to determine his admissibility. Doc. 1 at 18–20. The record contains no evidence that an IJ conducted a removal proceeding on that date. Petitioner later requested a custody redetermination pursuant to 8 C.F.R. § 1236, but the IJ issued an order taking "no action." *Id.* at 27.

On February 19, 2026, Petitioner filed an action for habeas relief pursuant to 28 U.S.C. § 2241. *Id.* at 14. He argues that his continued detention without a bond hearing violates the Fifth Amendment's Due Process Clause, Doc. 1 at 5–7; § 1225(b) limits mandatory detention to the time reasonably necessary to issue a removal order, and his detention exceeds that period, Doc. 1 at 7-11; and the Court should limit the application of § 1225(b) to the period before the commencement of removal proceedings, and should instead apply § 1226(a) to detention pending removal proceedings. Doc. 1 at 11.

The Government moves to dismiss the petition, arguing that the Court lacks jurisdiction over the matter, and, alternatively, that Petitioner is an "arriving alien" and has received adequate due process under § 1225(b). Doc. 5 at 10–11.

## II.     Standard of Review

A petition for a writ of habeas corpus seeks "release from unlawful physical confinement." *Preiser v. Rodriguez*, 411 U.S. 475, 485 (1973). Habeas corpus review is available if a noncitizen is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); *see also Zadvydas v. Davis*, 533 U.S. 678, 687 (2001).

2

### III.    Analysis

The Court concludes that (A) it has jurisdiction, (B) § 1226 does not govern Petitioner's detention, and (C) Petitioner's continued detention is lawful.

#### A.        The Court has jurisdiction.

First, the Court concludes that it has limited jurisdiction to review Petitioner's claim. *See Tuck v. United Serv.'s Auto. Ass'n*, 859 F.2d 842, 844 (10th Cir. 1988) (stating that a federal court has an independent obligation to assure itself of subject matter jurisdiction). 8 U.S.C. § 1252(e)(2) allows for "judicial review of *any* determination made under section 1225(b)(1) of this title...in habeas corpus proceedings." (emphasis added). Section 1252(e)(2) restricts judicial review to "(A) whether the petitioner is an alien, (B) whether the petitioner was ordered removed under [§ 1225(b)(1)], and (C) whether petitioner can prove...that [he] is an alien lawfully admitted for permanent residence, ...as a refugee...or has been granted asylum." *See Vaupel v. Ortiz*, 244 Fed. Appx. 892, 894 (10th Cir. 2007). As well, § 1252(e)(3) generally precludes judicial review of "systemic challenge[s] to the constitutionality of the expedited removal procedures" but does not bar review of the constitutionality of a petitioner's continued detention pending removal proceedings. *Vaupel*, 244 Fed. Appx. 892, 895; *see Demore v. Kim*, 538 U.S. 510, 517 (stating that "where a provision precluding review is claimed to bar habeas review, the [United States Supreme] Court has required a particularly clear statement that such is Congress' intent"). In fact, habeas corpus proceedings traditionally have been used by petitioners to "attack[] the fact or duration of...confinement." *McIntosh v. U.S. Parole Comm'n*, 115 F.3d 809, 812 (10th Cir. 1997). Accordingly, the Government's argument that the Court lacks subject matter jurisdiction over Petitioner's claims fails. Doc. 5 at 10.

### B. Section 1226(a) does not authorize petitioner's detention.

Petitioner's detention is governed by § 1225(b).  A lawful permanent resident must "not be regarded as seeking an admission into the United States" unless he falls within certain exceptions, including if he "has committed an offense identified in section 1182(a)(2)."  8 U.S.C. § 1101(a)(13)(C)(v).  Section 1182(a)(2), in turn, renders inadmissible any noncitizen who "admits having committed" a crime involving moral turpitude.  § 1182(a)(2)(A)(i)(I).  A lawful permanent resident who admits to such an offense is treated as "seeking admission" and "shall be detained" under § 1225(b).

Under these principles, Petitioner is subject to detention under § 1225(b).  He gave a sworn statement to a CBP agent admitting his conviction of mail theft—a crime involving moral turpitude.  Doc 5-1 at 2; *see Esparza-Recendez*, 526 Fed. Appx. 886, 889 (10th Cir. 2013).  As such, although Petitioner is a lawful permanent resident, he is treated as "seeking admission" under § 1225(b) and subject to mandatory detention.

Petitioner's argument to the contrary fails.  He contends that his detention is authorized by § 1226(a), not § 1225(b), because "§ 1225(b) is limited to the period between a noncitizen's arrest as an arriving alien and the commencement of his removal proceedings before an immigration judge."  Doc. 1 at 11.  He asserts that once removal proceedings begin, § 1226(a) governs.  *Id.* at 12.  Not so.  The United States Supreme Court squarely rejected this argument in *Jennings v. Rodriguez*.  583 U.S. 281, 288–89 (2018) (concluding that "§ 1225(b)(1) and (b)(2) mandate detention of aliens throughout the completion of applicable proceedings and not just until the moment those proceedings begin").  Thus, § 1225(b) governs Petitioner's detention.

### C.    *Petitioner's continued detention under § 1225(b) is lawful.*

Lastly, the Government may continue to detain Petitioner pending a removal hearing. Petitioner is detained under § 1225(b), which authorizes the detention of certain noncitizens "without further hearing or review."  Petitioner's continued detention pending removal proceedings without a bond hearing does not violate his due process rights.

The Court also rejects Petitioner's contention that his four-and-a-half-month detainment violates due process.  "The Due Process Clause is not offended by the mandatory detention of noncitizens for the '*brief period necessary* for their removal proceedings.'"  *Rasel v. Barr*, 455 F. Supp. 3d 38, 47 (W.D.N.Y. 2020) (quoting *Demore*, 538 U.S. at 513 (2003)).  However, "[w]ere there to be an unreasonable delay...in pursuing and completing deportation proceedings, it could become necessary then to inquire whether the detention is not to facilitate deportation, or to protect against risk of flight or dangerousness, but to incarcerate for other reasons."  *Demore*, 538 U.S. at 532–33 (Kennedy, J., concurring).

Here, Petitioner's approximate four-and-half-month detainment is shorter than the six-month confinement period that was upheld as constitutionally permissible in *Demore*.  *Id*. at 531; *see also Singh v. Noem*, 2026 WL 146005, at *39 (D.N.M.) (concluding that petitioner's four-month detention pending removal proceedings did not violate petitioner's due process rights).  Therefore, the Court concludes Petitioner's continued detention is lawful.

## IV.    *Conclusion*

The Government's Motion to Dismiss Petitioner's Writ of Habeas Corpus, Doc. 5, is granted.  Petitioner's Petition for Writ of Habeas Corpus, Doc. 1, is denied.

The Court dismisses the petition without prejudice.  Petitioner may file a subsequent petition should the facts of his detention change.

IT IS SO ORDERED.

/s/Kenneth J. Gonzales_____
CHIEF UNITED STATES DISTRICT JUDGE

- Please note that this document has been electronically filed. To verify its authenticity, please refer to the Digital File Stamp on the NEF (Notice of Electronic Filing) accompanying this document. Electronically filed documents can be found on the Court's PACER public access system.